**TIMOTHY A. TATARKA**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4642
FAX: (406) 657-6989
Email: Tim.Tatarka@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>               **Plaintiff,**<br><br>     vs.<br><br>**JOSHUA JAMES BIRDRATTLER,**<br>               **Defendant.** | **CR 19-57-GF-BMM**<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Rule 7.4, District of Montana Local Rules, the United States recommends the Court's attention to the following supplemental authority related to its argument on pages 6-7 of its Brief in Support of its Motion *In Limine* and pages 1-3 of its Reply that a cautionary instruction is not appropriate if the partial recording of the interview is not admitted into evidence.

1

As noted in the government's response to Birdrattler's motion to suppress, doc 27 at 10-12, the Ninth Circuit expressly declined to exercise the supervisory powers of the court to suppress agent testimony relating to defendant's confessed based on failure to record the interrogation. *United States v. Coades*, 549 F.3d 1304, 1305 (9th Cir. 1977)1 ("The need for the rule suggested by appellant ant the particular form such rule should take are appropriate matters for consideration by Congress, not for a court exercising an appellate function.").

In preparing for oral argument, it came to the government's attention that both the First Circuit and the Ninth Circuit have relied on *Coades* in rejecting the use of supervisory authority in adopting cautionary instructions such as those adopted by Massachusetts in *Commonwealth v. DiGiambattista*, 813 N.E.2d 516 (2004). In *United States v. Meadows*, 571 F.3d 131, 147 (1st Cir. 2009), the court clarified that the "inherent power [of] an intermediate appellate court is not as broad as a state supreme court, and must be used 'sparingly,'" and referenced

---

1 In *United States v. Smith-Baltiher*, 424 F.3d 913, 925-26 & n.10 (9th Cir. 2005) (Reinhardt, J.), the Court reaffirmed the binding nature of this holding despite the Supreme Court's ruling in *Dickerson v. United States*, 530 U.S. 428 (2000) acknowledging the appropriateness of judicially determined rules and remedies to protect constitutional rights. As indicated in the government's suppression response, federal circuit courts have uniformly come to the conclusion that there is no constitutional right for the recording of interviews (even in custodial situations, let alone non-custodial environments). *See* doc. 27.

*Coades* in "declin[ing] to use any supervisory authority [the court] might have to uniformly require this instruction as a prophylactic measure." The Ninth Circuit itself, in an unpublished but closely analogous case to those before this Court, rejected a request for a jury instruction based on *DiGiambattista* seeking to instruct a jury that it could give lesser weight to federal officers' testimony about defendant's post-polygraph confession. *United States v. Walker*, 217 Fed. Appx. 714, 717 (9th Cir. 2007) (unpublished); *see Appellant's Opening Brief*, 2006 WL 2379709, at *48 (relying on *DiGiambattista* as its "leading case").   The court emphasized *Coades* holding that "unrecorded statements are admissible" and stating that the Ninth Circuit has "never required a trial court to instruct a jury to give unrecorded statements less evidentiary weight." 217 Fed. Appx. at 717.

DATED this 16th day of December, 2019.

        KURT G. ALME
        United States Attorney

        */s/ Timothy A. Tatarka*
        TIMOTHY A. TATARKA
        Assistant U.S. Attorney