**CASSADY A. ADAMS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT   59401**
**Phone:   (406) 761-7715**
**FAX:   (406) 453-9973**
**E-mail:      Cassady.Adams@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 19-57-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **NOTICE OF JURY INSTRUCTIONS CONCERNING RECORDING** |
| **JOSHUA JAMES BIRDRATTLER,** | |
| **Defendant.** | |

On December 16, 2019, at the motion hearing on the government's motion *in limine* (Doc. 59), the Court requested that the parties provide proposed jury instructions that would be given under two different scenarios:

1

Number one, whether the recording [of the defendant's confession] gets played, what that specific language [of the cautionary instruction] would entail.

Number two . . . if the recording didn't get played . . . If there's any kind of a looking with disfavor on or dealing with skepticism, the testimony when they had the ability to record and did not.

Mtn. Hearing Tr. at 56 (Dec. 16, 2019).

In response to the Court's request, the United States submits the proposed instructions for the two above-described scenarios.[1]

## I.   Instruction for Scenario One (recording gets played at trial)

If the recording of the defendant's confession is played at trial, the United States proposes that the Court give the instruction below at trial[2]:

The government has introduced a recording of the defendant's statement into evidence. There is not a complete recording of the entire interview with the defendant. This Court has expressed a preference that such interviews be recorded in their entirety whenever practicable. Because of the absence of a complete

_____

[1]The United States has reached out to defense counsel concerning these proposed instructions. At this time, the United States does not have the defense's position.

[2]For the purpose of the record, the United States maintains its initial objection to the cautionary instruction. In particular, if the defendant, rather than the government, raises the existence of the recording, no instruction is appropriate. The government recognizes the Court's concern that an instruction may keep the jury from putting undue weight on a particular piece of evidence, but the defendant should not be able to invite the evidence in order to make the Court's caution a defense in itself.

2

recording of the interview, you should weigh evidence of the defendant's alleged statement with caution and care.

    *See Massachusetts v. DiGiambattista*, 813 N.E.2d 516, 533–34 (Mass. 2004).

## II.    Instruction for Scenario Two (recording is not played at trial)

    If the recording of the defendant's statement is not played at trial and if the government does not present testimony about the unrecorded portion of the interview, see Doc. 41 (order on motion to suppress), the United States believes that the criteria to trigger the cautionary instruction have not been met. The defendant had an opportunity to challenge the voluntariness of his statements in his motion to suppress, and the Court concluded that the statements were voluntary. *Id.* The proper jury instruction is Ninth Circuit model jury instruction 4.1, which is crafted to assist the jury in evaluating statements by a defendant:

    You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition). This instruction is required by statute, which specifies that "a confession . . . *shall* be admissible in evidence if it is voluntarily given" and "the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and *shall* instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." 18 U.S.C. § 3501(a) (emphasis added). While the parties are entitled to put forward evidence relevant to the issue of voluntariness, Congress has expressly indicated that it is left to the jury to determine what the weight to give the statement under all the circumstances. No statement of disfavor or skepticism would be consistent with that congressional mandate.

In addition, the United States believes the following model jury instructions further remedy any concerns in this circumstance (and should be given regardless). These instructions concern the burden of proof, different types of evidence, and witness credibility. With these instructions, the jury will have the necessary tools to assess the lack of recording and the FBI's decision not to record when it weighs the evidence in its entirety.

    **A.**    **"Reasonable Doubt—Defined" Section 3.5, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition) (Approved Jan. 2019).**

4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**B.**  **"What is Evidence" Section 3.6, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition) (Approved December 2017).**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and,

(3) any facts to which the parties have agreed.

**C.**  **"Direct and Circumstantial Evidence" Section 3.8, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition) (Approved December 2017).**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### D. "Credibility of Witnesses" Section 3.9, Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition) (Approved Dec. 2017).

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

DATED this 10th day of January, 2020.

KURT G. ALME
United States Attorney

/s/ Cassady A. Adams
CASSADY A. ADAMS
Assistant U. S. Attorney