R. HENRY BRANOM JR.
Assistant Federal Defender
Federal Defenders of Montana
Office Headquarters, Great Falls
104 2nd Street South, Suite 301
Great Falls, MT 59401-3645
Phone: (406) 727-5328
Fax: (406) 727-4329
hank_branom@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JAMES BIRDRATTLER,<br><br>Defendant. | CR 19-57-GF-BMM<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF JURY INSTRUCTION AND PROPOSED ALTERNATIVE** |

## I.    INTRODUCTION

Defendant Joshua James Birdrattler (Mr. Birdrattler), by and through his undersigned counsel R. Henry Branom Jr. and the Federal Defenders of Montana, responds to government's notice of jury instructions.

## II.     ARGUMENT

As was the case with the government's *motion in limine* paper, the government continues to argue that this Court's directive created conditions precedent to issuance of a cautionary instruction. (*See* Doc. 56 at page 3 ("If the recording of the defendant's statement is not played at trial and if the government does not present testimony about the unrecorded portion of the interview . . . the United States believes that the criteria to trigger the cautionary instruction have not been met.")). This Court's Order stated as follows:

> *The totality of the circumstances* likely will support a cautionary instruction in this case.  SA Smiedala had available to him the technology to record the pre-polygraph interview, but he chose not to record it.  Should the Government play the recorded portion of the interview or present testimony about the unrecorded portion of the interview at trial, the Court will instruct the jury to weigh that evidence with great caution.  The Court further will instruct the jury that if they find the FBI could have recorded the interview—but chose not to record—the jury should "view with distrust" the recording and the testimony.

(Doc. 41 at page 16) (emphasis added and citations omitted).

The government should not be able to benefit from its own agent's suspect practices by only cautioning the jury if the government actually plays the recorded portion of the interview or if the officers testify to the unrecorded portions of the interview.  The fact the government continues to argue the cautionary instruction conditions precedent have not been triggered underscores the great unlikelihood the government will pursue "Scenario One" of its notice.

The fact, remains, however, that no matter how the confession is relayed to the jury, SA Smiedala's interview procedure affected "the reliability and fairness" of presenting the recorded "summary" statements to the jury. (*See* Doc. 56 at page 14). As Mr. Birdrattler previously argued, the need for the cautionary instruction is derived from the procedure used in obtaining the confession. That procedure was unreliable and unfair here—a fact Mr. Birdrattler argues this Court agrees with since this Court's Order indicates the "totality of the circumstances" in this case will likely support a cautionary instruction.

### III.  PROPOSED CAUTIONARY INSTRUCTION

Therefore, because it is within this Court's discretion what jury instruction to give, Mr. Birdrattler proposes the following which more completely addresses the totality of the circumstances in this case and the distrustful view the jury should take when considering Mr. Birdrattler's statements under "Scenario One" or "Scenario Two" of the government's notice.

The government has introduced a recording of a statement made by Joshua James Birdrattler. There is not a complete recording of the entire interview of Birdrattler. This Court has expressed a preference that interviews be recorded in their entirety. In considering the weight of any statement made by Birdrattler you should take into account all the circumstances under which the statement was given including whether the entire statement was recorded by video or audio means. It is

up to the jury to decide what weight to give any statement but you should weigh this statement with caution and view with distrust the fact the agents obtained Birdrattler's statement without recording the entire interview.

RESPECTFULLY SUBMITTED this 13th day of January, 2020.

<u>/s/ R. Henry Branom Jr.</u>

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 569 excluding tables and certificates).

DATED this 13th day of January, 2020.

/s/ R. Henry Branom Jr.

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on January 13, 2020, a copy of the foregoing document was served on the following persons by the following means:

__1,2__ CM-ECF

_____ Hand Delivery

__3__ Mail

_____ Overnight Delivery Service

_____ Fax

_____ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. CASSADY A. ADAMS
   United States Attorney's Office
   Assistant United States Attorney
   Counsel for the United States of America

3. JOSHUA JAMES BIRDRATTLER
       Defendant

                                  /s/ R. Henry Branom Jr.