**CASSADY A. ADAMS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT   59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT   59401**
**Phone:   (406) 761-7715**
**FAX:   (406) 453-9973**
**E-mail:   Cassady.Adams@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JOSHUA JAMES BIRDRATTLER,**<br><br>**Defendant.** | **CR 19-57-GF-BMM**<br><br><br>**BRIEF IN SUPPORT OF UNOPPOSED MOTION TO CONTINUE TRIAL** |

**INTRODUCTION**

The United States of America, represented by Cassady A. Adams, Assistant

United States Attorney for the District of Montana, moves the Court to continue

1

the trial, currently scheduled for September 15, 2020, for 90 days, due to the

coronavirus pandemic. An essential witness in this case has been infected with

COVID-19 and is expected to have a lengthy recovery. Additionally, as noted in

the government's previous motion to continue, (Doc. 71), two essential witnesses

reside out of state and will be required to travel across the country during the

pandemic to testify at the trial.

## BACKGROUND

On April 10, 2020, the district court entered an order amending and

superseding Administrative Order No. 20-17. Admin. Order No. 20-18 In Re:

Public Access and Court Operations in Response to Coronavirus COVID-19 Public

Emergency (April 10, 2020). The Order was entered in response to the ongoing

national and statewide public health emergency due to the spread of a novel

coronavirus and the disease it causes, known as COVID-19. As the Order notes,

the Centers for Disease Control and Prevention (CDC) and other public health

authorities have advised precautions to reduce the possibility of exposure to the

virus and slow the spread of the disease.

The order vacated all jury trials through May 29, 2020. *Id.* at ¶ 3. The order

also provided, "Given the high likelihood that public health considerations will

place severe constraints on the pool of the potential jurors and the availability of

2

counsel and court staff, presiding judges in criminal cases are encouraged to evaluate whether any delay occasioned by this order should be excluded under the Speedy Trial Act, 18 U.S.C. § 316(h)(7)(A), based on a finding that the ends of justice served by such a delay outweigh the interests of the public and the defendant in a speedy trial." *Id.* at ¶ 5.

On March 18, 2020, this Court continued the jury trial in this case to June 16, 2020 on the basis of the ongoing coronavirus pandemic. (Doc. 69). The Court found that "the ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial." *Id.* On May 15, 2020, this Court continued the jury trial again, at the government's request, to September 15, 2020. (Doc. 73). This was due to the coronavirus pandemic and the two necessary witnesses who reside of state, the high-risk necessary witness (SA Stacey Smiedala), and the high-risk government attorney, undersigned counsel.

An additional continuance in this case is necessary in light of the ongoing coronavirus pandemic. An essential witness in this case has been infected with COVID-19. That witness was hospitalized due to the severity of his coronavirus infection. Last week, he was released from the hospital. However, he has informed the government that he is expected to have a lengthy recovery period. This is the primary reason for the government's request to continue trial.

3

Furthermore, two of the government's necessary witnesses continue to reside out of state and will have to travel across the country to testify at the jury trial. The government wishes for the Court to be aware of this additional information in considering whether to grant a continuance in this case; however, this is not the primary reason for the government's request.

Specifically:

1.    FBI Special Agent Stacey Smiedala participated in an interview of the defendant in this case. His testimony is necessary because the defendant made an admission to him in the context of a pre-polygraph interview. Special Agent Smiedala was infected with COVID-19 in July 2020.[1]  He was hospitalized due to the severity of his illness. Last week, he was released from the hospital. However, he has informed the government that he is expected to have a lengthy recovery from the virus and, as of last week, will not be returning to work for at least 60 days due to his medical condition.

2.    Tiffany Smith is an expert witness for the United States. *See* Doc. 63 (Amended Expert Witness Disclosure). Ms. Smith conducted the DNA analysis in this case. She is employed at the FBI Laboratory in Quantico, VA. Ms. Smith's

---

[1]  If the Court wishes to review medical documentation concerning this, the United States can provide such information under seal upon the Court's request.

testimony is necessary because her DNA analysis establishes that the defendant and the victim had sexual contact on the night of the offense. Ms. Smith will be required to travel to Montana to testify in this case.

3.      Rebecca Mitchell conducted the sexual assault examination on the victim in this case. Her testimony is necessary because it explains her physical observations of the victim during the sexual assault examination and corroborates the victim's allegation. Ms. Mitchell resides in California and will be required to travel to Montana to testify in this case.

To date, there are 5,643,812 total COVID-19 cases in the United States and 175,651 COVID-19 deaths. *Coronavirus Disease 2019 (COVID-19): Cases in the U.S.*, CDC (updated August 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (accessed August 24, 2020). There are 6,489 total COVID-19 cases in Montana, and 91 deaths from the disease. *Coronavirus Disease 2019 (COVID-19) Demographic Information for Confirmed Cases*, Montana DPHHS (updated August 24, 2020), https://dphhs.mt.gov/publichealth/cdepi/diseases/coronavirusmt/demographics. There are 113,630 total COVID-19 cases from Virginia, and 2,471 deaths. *COVID-19 in Virginia*, Virginia Dept. of Public Health (updated Aug. 24, 2020), https://www.vdh.virginia.gov/coronavirus/. There are 663,669 total COVID-19

cases from California, and 12,134 deaths. *COVID-19 Updates*, Cal. Dept. of Public Health (Numbers as of August 22, 2020),

https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.

To reduce the spread of the disease, the CDC encourages individuals to stay home and practice social distancing. *Coronavirus and Travel in the United States*, CDC (Updated Aug. 21, 2020), https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html. While "high risk" individuals are more likely to suffer from serious complications of the virus, even healthy individuals are subject to becoming ill from the virus. *See Coronavirus Disease 2019 (COVID-19): Symptoms of Coronavirus*, CDC (Updated May 13, 2020), https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html. Moreover, the virus is very contagious, and asymptomatic individuals can spread it to other individuals without knowing that they themselves are ill. *See Coronavirus Disease 2019 (COVID-19): How to Protect Yourself and Others*, CDC (Updated July 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.

# ARGUMENT

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1). Certain periods of time, however, are excluded from this 70-day clock. *Id.* § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

If the Court grants this motion and continues the trial, for purposes of the Speedy Trial Act, any delay is excludable under 18 U.S.C. § 3161(h)(7)(A). The ends of justice amply justify excludable time here. A pandemic, like natural disasters or other emergencies, grants this Court the discretion to order an ends-of-justice continuance. See *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (No Speedy Trial Act violation occurred by excluding delay caused by a volcanic eruption.).

The United States requests that the Court make specific findings, based on the ends of justice, that the continuance is necessary. Ends-of-justice continuances

are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The court must consider the factors set forth in 18 U.S.C. § 3161(h)(7)(B) in determining whether to grant such a continuance. 18 U.S.C. § 3161(h)(7)(B). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Furthermore, Special Agent Smiedala's medical condition also renders him "unavailable" for the current trial date, under a separate provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A), (B) (defining unavailable). *See, e.g., United States v. Allen*, 235 F.3d 482, 490-91 (10th Cir. 2000) (Essential witness delay under the Speedy Trial Act was proper where the case agent had suffered a heart attack, undergone surgery, and would be unavailable for six to eight weeks.); *United States v. Meyer*, 803 F.2d 246, 247-48 (6th Cir. 1986) (Essential witness

was rendered unavailable when previously scheduled wedding and honeymoon plans conflicted with trial setting).

The defendant is currently out of custody on pretrial supervision.

The United States contacted counsel for the defendant regarding this motion. The defense does not object to the continuance.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the motion to continue the jury trial in this case and continue the trial for a period of 90 days.

DATED this 24th day of August, 2020.

KURT G. ALME
United States Attorney

*s/ Cassady A. Adams*
CASSADY A. ADAMS
Assistant U. S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to local rule, the attached response is proportionately spaced, has a typeface of 14 points or more, and contains 1,557 words.

*/s/Cassady A. Adams*
Assistant United States Attorney
Attorney for Plaintiff /Respondent